# SAMUEL M. KANAKANUI, TRUSTEE, AND YEE WO v. EMMA A. DE FRIES.

## APPEAL FROM CIRCUIT JUDGE, FIRST CIRCUIT.

ARGUED NOVEMBER 19, 1912.                    DECIDED DECEMBER 4, 1912.

### ROBERTSON, C.J., PERRY AND DE BOLT, JJ.

LANDLORD AND TENANT—*relief in equity against forfeiture of lease.*
> Equity will not relieve a lessee from a forfeiture for breach
> of condition where the breach has been wilful and persistent and
> was not induced by any act of the lessor.

### OPINION OF THE COURT BY ROBERTSON, C.J.

In this case the complainants have appealed from the decree of the circuit judge dismissing their bill in a suit for an injunction to restrain the prosecution of an action of ejectment. This court has heretofore reversed a decree sustaining the demurrer to the bill, the allegations of which were summarized in the former opinion. Ante, p. 123. The demurrer having been overruled, the respondent answered and a hearing was had. The circuit judge filed a written opinion in which, after reviewing the evidence, he said, "Repeated reviews of the testimony in this case have always resulted in the conclusion that the complainants have shown no grounds for relief in equity. The complainant Kanakanui secured from Mrs. Heleluhe the execution of an unconscionable undertaking, taking it from the standpoint of the complainant, but which might well have been considered a loan, as it appears that such was the intent at the time the lease was executed. The complainant Kanakanui determined for himself that he would not pay the taxes, because he did not get possession of a minor portion of the premises covered by the lease and continued to default in the payment of the taxes, acting on his own judgment until he found that difficulty was in store for him. He contends that he was lulled into security by the action of Mrs. Heleluhe, all of which is

denied by her, and I find that the complainant has not sustain-
ed the burden on that point.   There is nothing in the com-
plainant's case that appeals to good conscience or equity upon
which to relieve against the forfeiture as suggested in the bill."
Whatever claims the respondent may have made in the court
below based on the proposition that the lease to Kanakanui was
given merely as security for a loan of five hundred dollars and
that the lessor was entitled to a surrender of the term and can-
cellation of the instrument upon repayment of said sum, and
that otherwise the transaction could be viewed only as an un-
conscionable one, have been abandoned.   The original validity
of the lease is now conceded by the respondent, but she contends
that upon the evidence the complainants are not entitled to re-
lief against the forfeiture.   Certain other questions have also
been presented for consideration but it will not be necessary to
pass upon them.

The lease from Wakeki Heleluhe to S. M. Kanakanui, Trus-
tee, which was executed on the 12th day of April 1906, demised
the two pieces of land described in R. P. 4432, L. C. A. 1447,
for the consideration of the sum of five hundred dollars, for
the term of twenty years commencing on the 1st day of July
1906, and in it the lessee covenanted to pay the taxes on the
land.   The lessor reserved the right of re-entry for breach of
the covenant.   It was alleged in the bill (in substance) that
the lessor had admitted her inability to put the lessee into pos-
session of one of the pieces of land, and that thereafter, and in
the early part of the year 1907, she asked him why he did not
pay the taxes, to which he replied that as he had not been put
into possession of all the land he considered that he was not
liable for the taxes and that he would not pay them until he
should be put into possession, and that she replied, "all right."
With reference to this we said (ante, p. 128) "The failure and
inability of the lessor to put the lessee into possession of one
of the pieces of land demised gave to the lessee a claim against
the lessor which, presumably, would amount to an equivalent

of several years' taxes on the piece that the lessee was put into possession of. The lessor took no steps toward claiming a forfeiture though she was told by the lessee that he considered he was not required to pay the taxes unless he should be put into possession of all the land. This condition continued for four years or more. The lessee was lulled into non-action." The testimony given at the hearing puts this matter in a different light. It appears that the party who was in adverse occupancy of the parcel of land referred to (spoken of as the "mauka piece") did not continue in possession, as was inferred from the bill, until the time the taxes were paid by the respondent, but that he vacated the premises some years ago, and that since then there was nothing to prevent Kanakanui from taking possession, and that Kanakanui was aware of the fact. He testified that the piece had been abandoned three or four years ago and has since been lying idle. Wakeki Heleluhe testified that it was in 1908 that Kanakanui told her that the Chinaman was no longer on the mauka piece. And so it appears that the allegation of the bill above referred to and the further allegation, "that these complainants refrained from paying the said taxes, relying on the agreement aforesaid between said complainant, Samuel M. Kanakanui, Trustee, and Wakeki Heleluhe that he should not pay the taxes on the aforesaid land and premises until he, the said complainant was placed in the possession of all the land and premises so demised to him," have lost their force in the light of the evidence. The fact of the lessee's inability to obtain possession of the one piece of land could not be claimed as an excuse for not paying the taxes since the year 1908. Furthermore, proof of the alleged agreement of Wakeki Heleluhe that Kanakanui should not pay the taxes until he had been put into possession of all the land depended upon the uncorroborated statement of Kanakanui, and the fact was denied by Wakeki Heleluhe.

It appeared in evidence, as it was also alleged in the bill, that on the 20th day of August 1907, Liliuokalani instituted

an action of ejectment against the complainants herein and Wakeki Heleluhe claiming a portion of the piece of land held by Yee Wo under his lease from Kanakanui. The action was discontinued on April 26, 1911, without having been brought to trial. Kanakanui was allowed to testify at the hearing, over the objection of counsel for the respondent, that Wakeki Heleluhe approved and agreed to his suggestion that in view of the pendency of the ejectment case it would be time enough to attend to the payment of the taxes after the conclusion of that case. Mrs. Heleluhe denied the making of any such agreement. She testified that the only conversation she had had with Kanakanui with respect to the payment of these taxes was on an occasion when there were two years' taxes due; that on reminding Kanakanui of the fact he said "Do I have to pay it?"; that she replied "the lease says that you have to pay it," and that she supposed he had attended to the matter. And thus it appears that proof of the conduct of Wakeki Heleluhe and of the agreements on her part which it was claimed lulled the complainant Kanakanui into security and caused him to refrain from paying the taxes depended wholly upon the testimony of Kanakanui himself; that his testimony was flatly contradicted by that of Mrs. Heleluhe, and that the circuit judge found that the complainants had not sustained the burden of proof as to this part of the case. The point involved is one merely of the credibility of the witnesses and the weight to be given to their testimony. We see no reason for disturbing the finding made by the circuit judge that the complainants had failed to sustain the burden of proof as to these matters. It must be held, therefore, that Kanakanui's failure to fulfil his covenant with reference to the payment of the taxes was wilful and persistent, and that Yee Wo is in no better position than Kanakanui. Under these circumstances, and upon the principles adverted to in our former opinion, equity will not relieve against the forfeiture. Equity will not relieve a lessee from a forfeiture of condition where the breach has been wilful and

persistent and was not induced by any act of the lessor. The respondent paid the taxes on July 24, 1911, and after the payment she was not bound to accept the amount of them from the complainants.

It appeared in evidence that some time between May and July 1911 Mrs. Heleluhe offered to pay Kanakanui the sum of five hundred dollars. The object of the offer was not made clear by the testimony, but whether, as we understand counsel for the complainants to contend, it was offered as a consideration for a surrender by Kanakanui of the lease; or whether it was made pursuant to the idea which Mrs. Heleluhe seems to have entertained that the lease might be terminated by her at any time upon the payment of that sum, we think there is nothing in the circumstance that could affect the rights of either party.

The complainants claim that they should not be held liable for costs because they have been ready to make good the amount of the taxes ever since the payment of them by the respondent. There is no merit in the contention. At the hearing numerous objections were raised by complainants' counsel to rulings made as to the admission and rejection of evidence but they have not been urged in this court and we regard them as having been abandoned.

The decree appealed from is affirmed.

*W. A. Greenwell* and *E. C. Peters* (*Castle & Withington* with them on the brief) for complainants.

*Eugene Murphy* (*Lorrin Andrews* with him on the brief) for respondent.